Argued and submitted December 10, 1992, affirmed November 3, 1993

In the Matter of
the Proposed Revocation of the License of
Floyd Harold Nickila, D.C.

Floyd Harold NICKILA,
*Petitioner,*

*v.*

BOARD OF CHIROPRACTIC EXAMINERS,
*Respondent.*

(CA A70076)

862 P2d 555

D. Eric Woodard argued the cause and filed the brief for petitioner.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioner seeks review of an order of the Board of Chiropractic Examiners, sanctioning him for practicing chiropractic while his license was suspended. We affirm.

The Board found that, while his chiropractic license was suspended because of a previous infraction, petitioner participated directly in an x-ray procedure, "designated a treatment plan for other chiropractors to use" and "gave specific directions to associate doctors regarding the treatment of patients." In his first assignment, petitioner argues that the activities found by the Board do not come within the statutory definition of "chiropractic" in ORS 684.010(2), and that the Board exceeded its authority by interpreting the statute to cover petitioner's activities.

ORS 684.010(2) defines "chiropractic" as:

"(a) That system of adjusting with the hands the articulations of the bony framework of the human body, and the employment and practice of physiotherapy, electrotherapy, hydrotherapy and minor surgery.

"(b) The chiropractic diagnosis, treatment and prevention of body dysfunction; correction, maintenance of the structural and functional integrity of the neuro-musculoskeletal system and the effects thereof or interferences therewith by the utilization of all recognized and accepted chiropractic diagnostic procedures and the employment of all rational therapeutic measures as taught in approved chiropractic colleges."

Petitioner argues that the definition contains a "complete expression of legislative policy," and that the Board improperly "enlarged" the definition by applying it to the acts he performed. *See Springfield Education Assn. v. School Dist.*, 290 Or 217, 621 P2d 547 (1980). For sake of discussion only, we accept petitioner's characterization of the statute as a complete expression of meaning, but reject his conclusion. The activities in which petitioner engaged fall squarely within the plain meaning of "diagnosis," "treatment," "prevention" and "employment of * * * therapeutic measures." No credence can be given the apparent premise of petitioner's argument that a practitioner is not engaging in those activities simply because the practitioner acts in concert with or through other practitioners.

We reject petitioner's first assignment. His others do not warrant discussion.

Affirmed.